IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALBERTO ORTIZ-PEREYDA,

        Defendant.

06-CR-228-BR
(07-CV-70013-BR)

OPINION AND ORDER

**KAREN J. IMMERGUT**
United States Attorney
**GEOFFREY A. BARROW**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1017

        Attorneys for Plaintiff

**ALBERTO ORTIZ-PEREYDA**
#69459-065
California City Correctional Institution
PO Box 3001-0001
California City, CA 93504

        Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Alberto Ortiz-Pereyda's Motion to Vacate, Set Aside or Correct Sentence (#38). For the reasons that follow, the Court **DENIES** Ortiz-Pereyda's Motion.

## BACKGROUND

On May 25, 2006, a federal grand jury indicted Ortiz-Pereyda for one count of Distribution of Over 500 Grams of Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. § 2.

On November 21, 2006, the Court held a hearing at which Ortiz-Pereyda entered a guilty plea on the charge of Distribution of Over 500 Grams of Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).

On February 5, 2007, the Court sentenced Ortiz-Pereyda to 46 months imprisonment and a term of four years supervised release.

### I.  Ortiz-Pereyda's Plea of Guilty.

When Ortiz-Pereyda entered his guilty plea on November 21, 2006, he did so pursuant to a Plea Agreement with the government that provided, among other things:

> Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence . . . . Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any

2 - OPINION AND ORDER

> grounds, except on grounds of ineffective
> assistance of counsel.

At the November 21, 2006, hearing, the Court engaged in a colloquy with Ortiz-Pereyda's to ensure he was knowingly and voluntarily pleading guilty and to review with him the consequences of his plea generally and as provided in the Agreement. After finding Ortiz-Pereyda's guilty plea was knowing, intelligent, and voluntary, the Court accepted the plea pursuant to the terms of the Plea Agreement.

## II.    Ortiz-Pereyda's Motion to Vacate Sentence.

On July 12, 2004, Ortiz-Pereyda moved pursuant to 28 U.S.C. § 2255 for a reduction of his sentence pursuant to "the Attorney General Memorandum dated April 28/1995 [sic] [under which the] United States Attorney can offer up to 2 points level [sic] of the sentence if defendant accepts a final deportation order." Ortiz-Pereyda contends he should receive a "downward departure" in his sentence because he "can't be house [sic] in minimum security facility or community Correction center based in [sic] [his] deportation alien status."

The government contends Ortiz-Pereyda's Motion is barred because he waived his rights to appeal and to collaterally attack his sentence in the Plea Agreement.

## DISCUSSION

The Ninth Circuit has held a defendant may expressly waive

3 - OPINION AND ORDER

his right to appeal or to seek post-conviction relief in a § 2255 petition as long as defendant makes the waiver knowingly and voluntarily. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994)("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly."). *See also United States v. Benboe*, 157 F.3d 1181, 1183 (9th Cir. 1998)(even when "a plea agreement specifies that no appeal will be taken, it does not waive the right to bring a § 2255 motion unless it does so expressly."); *United States v. DeSantiago-Martinez*, 980 F.2d 582, 582-3 (9th Cir. 1992)(if waiver of appeal is valid, appeal must be dismissed).

Here the language of the Plea Agreement is clear. Ortiz-Pereyda specifically waived his right both to appeal and to file a collateral attack on his sentence or conviction. In addition, the Court engaged in a colloquy with Ortiz-Pereyda at the change-of-plea hearing as required by Fed. R. Crim. P. 11(b)(1)(N)[1] regarding the waiver of his rights and the

---

[1] Fed. R. Crim. P. 11 provides in pertinent part:

    (b) Considering and Accepting a Guilty or Nolo Contendere Plea.

    (1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

4 - OPINION AND ORDER

consequences of that waiver. Ortiz-Pereyda confirmed to the Court that he understood the rights he was waiving, understood the risks of doing so, and knowingly and voluntarily entered into the Plea Agreement. The requirements of Fed. R. Crim. P. 11(b)(1)(N), therefore, were satisfied. *See, e.g., United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004)(Ninth Circuit concluded the district court committed constitutional error when taking defendant's plea and at sentencing by failing to enter into a colloquy with defendant as required by Fed. R. Crim. P. 11(b)(1)(N) that specifically referenced the waiver of his right to appeal.).

Accordingly, as a consequence of Ortiz-Pereyda's Plea Agreement, the Court concludes he knowingly and voluntarily waived his right to challenge his sentence on the basis he asserts in his Motion either by appeal or by collateral attack. The Court, therefore, denies Ortiz-Pereyda's Motion.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Ortiz-Pereyda's Motion to Vacate, Set Aside or Correct

---

\* \* \*

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

5 - OPINION AND ORDER

Sentence (#38).

IT IS SO ORDERED.

DATED this 10th day of August, 2007.

*[signature: Anna J. Brown]*

ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER